```
 1    UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
 2    ------------------------------x

 3    UNITED STATES OF AMERICA

 4              v.                        19 CR 490 (RMB)

 5    JEFFREY EPSTEIN,
                                          Bail Decision
 6                   Defendant.

 7    ------------------------------x
                                          New York, N.Y.
 8                                        July 18, 2019
                                          11:30 a.m.
 9
      Before:
10
              HON. RICHARD M. BERMAN
11
                                          District Judge
12

13
                 APPEARANCES
14

15    GEOFFREY S. BERMAN
           United States Attorney for the
16         Southern District of New York
      ALEXANDER ROSSMILLER
17    MAURENE R. COMEY
      ALISON G. MOE
18         Assistant United States Attorneys

19

20    MARTIN WEINBERG
      MARC FERNICH
      JOMES BROCHIN
21    MICHAEL MILLER
           Attorneys for Defendant
22

23    Also Present:

24         AMANDA YOUNG - Special Agent FBI
           PAUL BYRNE - Detective NYPD
25         JOHN MOSCATO - Pretrial Services Officer
```

1              (Case called)

2              THE COURT:  I had hoped to have a written decision and

3     order by now, which I don't, one that is regarding the

4     release/remand of Mr. Epstein, which has been the subject of

5     multiple written submissions and, as you all know, an in-court

6     hearing on Monday, July 15, 2019.  It is not quite physically

7     produced yet and it needs to be cite checked, but I should have

8     it on the docket in the next hour, two hours at most.  What I

9     will do, however, is state the conclusions in the decision and

10    order, which I had said I would do, and summarize very briefly

11    the contents of the ruling for you.

12             Starting with my conclusions, the government's

13    application for continued remand is hereby granted and the

14    defense application for pretrial release is respectfully hereby

15    denied.  Written opinion to follow.

16             In that opinion I will deal with all, I'll try to, all

17    the principal issues which have been briefed.  Even though it

18    is not entirely necessary or legally required to consider both

19    dangerousness to others and to the community as well as risk of

20    flight, I have done so.  I also deal with the defense's

21    proposed bail package.  There is obviously significant public

22    interest in all of these legal issues, so I tried to cover them

23    all as best I could.

24             There are the following headings in the decision and

25    order.  First is a background section, followed by counsel's

submissions.  Those are the written submissions: principally

the indictment, the legal principles governing release versus

remand, the presumption of remand in 18 U.S.C. section 1591

cases, danger to others and the community.  This topic has

seven subsections and fills over ten pages of the decision and

order.  I think it is fair to say that it is the heart of this

decision, that is to say, dealing with danger to others and to

the community.

          Then I deal with risk of flight.  That has four

subsections or factors, which are substantially the same

factors that are used to analyze dangerousness.

          Then, finally, the bail package proposed by the

defense.  Specifically, I find in the decision and order that

the government has established dangerousness to others and to

the community by clear and convincing evidence and also that

the government has established risk of flight by a

preponderance of the evidence.  I also reject the proposed bail

package as irretrievably inadequate and go on in some detail

concerning what I consider to be its deficiencies.

          Incidentally, I am not suggesting that a different

bail package would be appropriate because I doubt that any bail

package can overcome danger to the community.

          I focus then on dangerousness to others, most

certainly including the minor victims in this case and

prospective victims as well.  I cite and quote, for example,

1    the compelling testimony of Annie Farmer and Courtney Wild, who

2    testified that they fear for their safety and the safety of

3    others if Mr. Epstein were to be released.

4            I also point out that the presumption of remand, as

5    opposed to the presumption of release, is unusual in our

6    jurisprudence and that it attaches only to very serious crimes,

7    such as sex trafficking involving minor victims, as in this

8    case some allegedly as young as age 14.

9            I also discuss evidence of intimidation and threats

10   and compensation paid to potential witnesses and the facts

11   surrounding whether or not Mr. Epstein has been compliant with

12   his legal obligations as a registered sex offender.

13           When discussing risk of flight, which you obviously

14   can tell comes after, in my analysis, dangerousness to the

15   community, when discussing that aspect, risk of flight, the

16   decision speaks to the seriousness of the charged crimes, to

17   Mr. Epstein's great wealth and his vast resources, which

18   include private planes and frequent international travel and

19   also a foreign residence in Paris.

20           I mention the items very recently seized from Mr.

21   Epstein's New York City mansion pursuant to lawful search

22   warrants, which include sexually explicit photos and discs,

23   some $70,000 in cash, diamonds, and an expired Austrian

24   passport with Mr. Epstein's photo but with a name that is

25   different from Jeffrey Epstein, and also contains a reference

1      to Saudi Arabia as a residence.

2              I think I have given you a fair account of the

3      decision and order.  As I said before, the written version in

4      its complete form, which will be about 30 to 34 pages long I

5      imagine, I hope will be available reasonably soon.

6              One piece of business in light of today's ruling.  I

7      thought I would schedule a conference with the parties for

8      Wednesday, July 31, at 11:00 a.m.  That is not fixed in stone.

9      If you all want to meet and confer and let me know if that is a

10     convenient date, or I'm happy to accommodate you with another

11     date as well.

12             For the moment, I'll tentatively schedule a conference

13     for July 31st at 11:00 a.m. and ask if there is an application

14     for exclusion of speedy trial.

15             MS. MOE:  Yes, your Honor.  The government moves to

16     exclude time under the Speedy Trial Act from today's date until

17     July 31st.

18             THE COURT:  I am going to find under 18 United States

19     Code section 3161 that adjournment to and including July 31 at

20     11:00 a.m. is appropriate and warrants exclusion of the

21     adjourned time from speedy trial calculations.  I further find

22     that the exclusion is designed to prevent any possible

23     miscarriage of justice, to facilitate these proceedings, and to

24     guarantee effective representation of and preparation by all

25     counsel for both parties, both sides.  Thus, the need for

1   exclusion and the ends of justice outweigh the interests of the

2   public and the defendant in a speedy trial pursuant to 18

3   U.S.C. section 3161(h)(7)(A) and (B).

4           Finally, a word about the proposed conference.  From

5   my point of view, it would be more or less a scheduling/case

6   management type conference, but I'm happy to consider any

7   issues that you might have at that time.

8           I think that's it.  Everybody, thank you for being

9   here.  We are adjourned.

10          (Adjourned)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25