```
j7v2espC kjc
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,              New York, N.Y.

          v.                           19 Cr. 490(RMB)

JEFFREY EPSTEIN,

               Defendant.

------------------------------x        Conference

                                       July 31, 2019
                                       11:05 a.m.

Before:

                 HON. RICHARD M. BERMAN,

                                       District Judge


                        APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
BY:  ALISON J. MOE
     ALEXANDER ROSSMILLER
     MAURENE R. COMEY
     Assistant United States Attorneys


MARTIN G. WEINBERG
     Attorney for Defendant


STEPTOE & JOHNSON, LLP
     Attorneys for Defendant
BY:  MICHAEL C. MILLER

1          THE COURT:  So, today's conference was scheduled at
2  the end of the July 18 court conference hearing on that date.
3  I thought that we would devote at least the -- well, probably
4  most of today's proceeding to talking about the schedule in
5  this case, and I asked the lawyers to get together and see if
6  they could come up with a mutually agreeable schedule, which
7  would include trial date, motion practice, discovery, etc.
8          Does anybody want to let me know how you made out?
9          MS. MOE:  Yes, your Honor.
10         We have conferred with defense counsel and talked
11 about a proposed schedule for this case.  So we are prepared to
12 propose to the court today a schedule for discovery, for
13 discovery-related motions, for pretrial motions, and we are
14 also prepared to talk about setting a possible trial date.
15         THE COURT:  Okay.  What have you got in mind?
16         MS. MOE:  So, with respect to discovery, we would
17 propose a discovery deadline of October 31 to complete
18 discovery, with one exception.  There are materials from
19 devices seized from the defendant's residence in New York, and
20 the F.B.I. is beginning the process of reviewing that data.
21         In discussing that with defense counsel, we have begun
22 to discuss a process for a privilege-review protocol.  It's
23 possible that process may take longer than October 31.  But
24 aside from that universe of documents, we would propose setting
25 a schedule of October 31 as a deadline for discovery.

1           For discovery-related motions, we would propose that
2 the defense file any motions that they are aware of relating to
3 discovery, to include motions relating to the nonprosecution
4 agreement, by September 13 --
5           THE COURT:  By when?
6           MS. MOE:  September 13, your Honor.
7           -- that the government be permitted to respond by
8 October 4; with any reply due on October 11, as necessary.
9           Of course we understand that if the defense comes to
10 have additional motions related to discovery based on the
11 ongoing discovery process that we will confer and propose an
12 additional briefing schedule beyond that, as necessary.  But
13 with respect to motions that the defense is already aware of,
14 including the NPA, that is the schedule that we would propose
15 at this time.
16           Regarding pretrial motions, your Honor, we would
17 propose that the defense file their motions by January 10, that
18 the government be permitted to respond by February 10, and that
19 any replies be due on or before February 24.
20           THE COURT:  Got it.
21           MS. MOE:  And finally, your Honor, we are prepared to
22 discuss a trial date in this case.  The government is asking
23 the court to set a trial date in this matter.  We would propose
24 that the court schedule this matter for trial in June of next
25 year, and we estimate that the trial would take approximately

1    four to six weeks, and so that trial date would carry into
2    July.  And I understand that the defense has some comments
3    about that proposal, but that's the government's proposal with
4    respect to a trial date.
5             THE COURT:  Okay.  Let me hear from the defense.
6             Do I understand it correctly that, with the exception
7    of the trial date, those dates are agreeable?
8             MR. WEINBERG:  Those dates are agreeable, your Honor.
9             THE COURT:  Counsel, whatever you wish to add, that
10   would be fine.
11            MR. WEINBERG:  We would ask the court to set a
12   preliminary trial date immediately after Labor Day.  I say
13   preliminary because we want time to assess Mr. Epstein's --
14            THE COURT:  This year?
15            MR. WEINBERG:  Yes.
16            THE COURT:  This Labor Day.  Okay.
17            MR. WEINBERG:  We want time to assess Mr. Epstein's
18   ability to . . .
19            (Counsel confer)
20            MR. WEINBERG:  I'm sorry.  I am being told that your
21   Honor was inquiring as to the year.  Let me --
22            THE COURT:  Yes.  I thought you wanted a speedy trial,
23   and so --
24            MR. WEINBERG:  Not with a four- to six-week trial with
25   discovery coming in October, Judge.  I apologize for being

imprecise.  Labor Day 2020 or immediately thereafter.  And I make that recommendation -- we haven't received the discovery yet.  Understandably, it is coming, and I'm not in any way contesting that there has been a delay, but we haven't had an opportunity to start reviewing what the government has predicted to be over a million pages of discovery with Mr. Epstein and to assess Mr. Epstein's ability to exercise his constitutional right, while at MCC, in assisting counsel prepare for a very difficult case that addresses events that it is alleged occurred 14 to 17 years ago.

         THE COURT:  Okay.

         MR. WEINBERG:  So, we need time to receive a million pages of discovery and to prepare to defend a four- to six-week trial, when a lot of the immediate attention is going to be on the very unique and complex constitutional issues connected to the nonprosecution agreement, our contention that the government's allegations are inextricably intertwined and constitutionally barred by the NPA.  There are double jeopardy issues both connected to the conspiracy count, which looks to be an overlap with one of the charges that was expressly within the immunity provisions in the NPA.  We are going to be spending a lot of time, and that's why I agreed with the government that we should make early discovery motions on the NPA-related issues, on double-jeopardy-related issues, so that we could not only facially brief the motion to dismiss, but

1    have the discovery, the subfacial discovery, if you will, so
2    that we could make a comprehensive briefing along the lines of
3    the schedule for motions.
4              THE COURT:  That's what I was going to suggest, if
5    there is a time period when you could put it all together, as
6    it were, and there is a lot of flexibility.  So I will leave
7    these dates, you know, for now.
8              With respect to the trial date, I could accommodate
9    either June or September of 2020.  The issue is not so much as,
10   from my point of view, when you are all ready, but what part of
11   the calendar I block out.  So is it realistic to block out time
12   in June?
13             MR. WEINBERG:  I think it is -- I don't want to have
14   the court block out a six-week time and then come to the court
15   in March and say we need a continuance and risk a September
16   date.
17             THE COURT: Got it.  Okay.  So a September date, you
18   are saying, sounds like it certainly is realistic.
19             MR. WEINBERG:  Thirteen months sounds like the amount
20   of time that we would ordinarily need to prepare a case of this
21   magnitude and scope.
22             THE COURT: All right.  That is fine for me.
23             Just while we are taking care of details, a speedy
24   trial issue or application?  Why don't we extend it to
25   September of 2020?

1          MR. WEINBERG:  This case certainly meets all of the
2     statutory criteria for complexity and we would agree to that
3     extension, Judge.
4          MS. MOE:  Your Honor, may I briefly be heard with
5     respect to the trial date?
6          THE COURT:  Oh, sure.  You know, it does sound like it
7     is kind of premature, but I'm happy to hear you.  It is often
8     the defense that is ahead of the government, or not often, but
9     equally, but here it is the other way around.  So if the
10    defense is not ready, it would be my practice to defer to the
11    defense, but I don't know that it is fixed in stone either way.
12    But, sure, I am happy to hear you.
13         MS. MOE:  Your Honor, by way of background, we had
14    initially proposed to the defense a May trial date.  We think
15    that there is a public interest in bringing this case to trial
16    as swiftly as manageable.  We understand, given their concerns
17    in wanting to have more time, we proposed a date in June as a
18    compromise position.  We understand if the defense has
19    indicated that they need additional time.  We are sensitive to
20    those concerns.  But we do have a concern about the notion of
21    setting a September trial date and that that trial would be
22    preliminary or as a placeholder.  Thirteen months is a
23    considerable amount of time for a case of this nature to go to
24    trial; and, again, given the time period of the charged conduct
25    and the length of time that's passed, we do think that there is

1  a public interest in scheduling a fixed trial date in this
2  case.  Of course we understand if issues arise in the interim,
3  we will address that as it occurs, but we do think it makes
4  sense at this juncture to set a firm trial date.  We don't
5  think that any delay in this case is in the public interest.
6        THE COURT:  Counsel.
7        MR. WEINBERG:  We think that the delay in bringing
8  this charge, your Honor, the natural corollary of that is to
9  make it more difficult, not easier, for us to defend
10 Mr. Epstein.  For instance, there are certain sealed files for
11 potential witnesses that we would have to go to other courts to
12 seek to unseal.  There is an NPA to litigate.  This case is not
13 your ordinary 1591 case.  A case of four to six weeks is not
14 the ordinary amount of time the government takes to prosecute,
15 whether it is old or new cases.  We need 13 months.  I'm trying
16 to make a principled argument, Judge, that that would be a
17 schedule that we would try our best to meet, conditioned on our
18 ability to work with Mr. Epstein under the current conditions.
19        Thank you, sir.
20        THE COURT:  Okay.
21        So, we are going to monitor the case from now until
22 then anyway, so I think everybody will be in a better position
23 to know what is realistic with respect to a trial date.  I will
24 exclude time from today through, let's say, June 8, but that,
25 of course, is without prejudice to hearing from the defense and

 1   the government as to actually where things stand.  Long before
 2   then we will know.  So we will have a conference, or several,
 3   between now and then.  Let's see where everybody is as the
 4   months go by, and then we will know when we can effectively
 5   hold the trial.
 6          So I am going to find, under 18 United States Code §
 7   3161, that the request for adjournment, joined in by both
 8   sides, is appropriate and warrants exclusion of the adjourned
 9   time from Speedy Trial calculations.  I further find that the
10   exclusion is designed to prevent any possible miscarriage of
11   justice, to facilitate these proceedings, including extensive
12   pretrial preparation, and to guarantee effective representation
13   of and preparation by counsel for both sides, and thus the need
14   for exclusion and the ends of justice outweigh the interests of
15   the public and the defendant in a speedy trial pursuant to 18
16   United States Code § 3161(h)(7)(A) and (B).  So that exclusion
17   goes to June 8, 2020 preliminarily.
18          Counsel, is it your thought that these motions would
19   be on submission or did you want to have oral argument with
20   respect to any aspect of them?
21          MR. WEINBERG:  We would seek oral argument, your
22   Honor.
23          THE COURT:  So let's set October 28, 2019 for oral
24   argument, and I am tentatively reserving some time on my
25   calendar, as I said before, on June 8, 2020, but I will have a

Case 1:19-cr-00490-RMB   Document 42   Filed 08/06/19   Page 10 of 10     10
j7v2espC   kjc

1   much better feel for where things are long before that and
2   certainly I would say on October 28 we would have a much
3   clearer picture of how things stand.
4          So there you have it.  Did you have -- go ahead.
5          MS. MOE:  Just to clarify, your Honor, what time would
6   the court like the parties to appear on October 28?
7          THE COURT:  10 a.m.
8          MS. MOE:  Thank you, your Honor.
9          THE COURT:  And the June 8 date is 9 a.m.  Okay?
10         MR. WEINBERG:  Would your Honor want to schedule an
11  argument on the substantive motions that will be fully briefed
12  before the court on February 24?
13         THE COURT:  Yup.
14         So let's schedule that oral argument for March 12,
15  2020, at 10 a.m.
16         Great.  So anything anybody else has to talk about?
17         MR. WEINBERG:  Not from the defense, your Honor.
18         MS. MOE:  Not from the government, your Honor.  Thank
19  you.
20         THE COURT:  Okay.
21         MR. WEINBERG:  Thank you very much, sir.
22         THE COURT:  Nice to see you all.
23                              oOo
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300