UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br> - v. -<br><br>JEFFREY EPSTEIN,<br><br>          Defendant. | 19 Cr. 490 (RMB) |
| UNITED STATES OF AMERICA<br><br> - v. -<br><br>GHISLAINE MAXWELL,<br><br>          Defendant. | 20 Cr. 330 (PAE) |

# GOVERNMENT'S MEMORANDUM IN RESPONSE TO THE COURT'S ORDERS OF JULY 22, 2025

PAMELA J. BONDI
United States Attorney General
TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice


JAY CLAYTON
United States Attorney for the
Southern District of New York
26 Federal Plaza
37th Floor
New York, New York 10278

## I.    Preliminary Statement

The Government respectfully submits this memorandum in response to the Court's Orders concerning the two pending motions to unseal grand jury transcripts (Epstein Dkt. 61; Maxwell Dkt. 785) in cases prosecuted in this District. (Epstein Dkt. 63 at 1–3; Maxwell Dkt. 789 at 1–3). This memorandum, as directed by the Court, addresses the specific facts and factors highlighted in the Court's Orders relevant to the particular grand jury materials at issue here. (Epstein Dkt. 63 at 1–3; Maxwell Dkt. 789 at 1–3). In order to ensure that "[t]ransparency in this process … not be at the expense of [the Government's] obligation under the law to protect victims" (Epstein Dkt. 61 at 2; Maxwell Dkt. 785 at 2), the Government also respectfully requests leave to file a supplemental submission once the Government and the Court have received any filings from the victims or others referenced in the transcripts.

## II.    The Court's Orders

As the Court recognized (Epstein Dkt. 63 at 1–2; Maxwell Dkt. 789 at 1–2), the Second Circuit has held that "there are certain 'special circumstances' in which release of grand jury records is appropriate even outside the boundaries of the rule." *In re Craig*, 131 F.3d 99, 102 (2d Cir. 1997); *see also In re Biaggi*, 478 F.2d 489, 494 (2d Cir. 1973) (supplemental opinion) (Friendly, C.J.) (recognizing that there are certain "special circumstances" in which release of grand jury records is appropriate even outside of the boundaries of Rule 6(e)).[1] The Second Circuit enumerated a list of non-exhaustive factors for trial courts to consider when deciding such motions:

---

[1] There is currently a Circuit split. *See Pitch v. United States*, 953 F.3d 1226, 1233 & n.6 (11th Cir. 2020) (en banc) (describing the Circuit split); *In re Petition for Order Directing Release of Records*, 27 F.4th 84, 90–91 (1st Cir. 2022) (same). In light of this split, when the Government sought similar relief seeking to unseal grand jury transcripts in the Southern District of Florida from 2005 and 2007 relating to Epstein, the Honorable Robin L. Rosenberg—who is bound by the Eleventh Circuit's rule barring extra-Rule disclosures set forth in *Pitch*—denied that motion. *In re*

> (i) the identity of the party seeking disclosure; (ii) whether the defendant to the grand jury proceeding or the government opposes the disclosure; (iii) why disclosure is being sought in the particular case; (iv) what specific information is being sought for disclosure; (v) how long ago the grand jury proceedings took place; (vi) the current status of the principals of the grand jury proceedings and that of their families; (vii) the extent to which the desired material—either permissibly or impermissibly—has been previously made public; (viii) whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and (ix) the additional need for maintaining secrecy in the particular case in question.

*In re Craig*, 133 F.3d at 106.

On July 22, 2025, the Court directed the Government to file a memorandum of law "addressing with specificity these and any other factors that the Government views as germane to its application." (Epstein Dkt. 63 at 3; Maxwell Dkt. 789 at 3). The Court also directed the Government to state whether, "before filing the instant motion, counsel for the Government reviewed the Maxwell grand jury transcripts and whether the Government provided notice to the victims of the motion to unseal," and to submit: (1) indices of Epstein and Maxwell grand jury materials, including a brief summary, the number of pages, and dates; (2) a complete set of the Epstein and Maxwell grand jury transcripts; (3) a complete proposed redacted set of the Epstein and Maxwell grand jury transcripts; and (4) a description of any other Epstein and Maxwell grand jury materials, including, but not limited to, exhibits. (Epstein Dkt. 63 at 3; Maxwell Dkt. 789 at 3).

---

*Grand Jury 05-02 (WPB) & 07-103 (WPB)*, No. 25 Misc. 80920 (RLR), 2025 WL 2076030, at *1 (S.D. Fla. July 23, 2025).

III.    **Discussion**

A.    **The *In re Craig* Factors**

The Court directed the Government to "address[] with specificity the[] [*In re Craig*] factors and any other factors that the Government views as germane to its application." (Epstein Dkt. 63 at 3; Maxwell Dkt. 789 at 3). What follows is a discussion of each of the *In re Craig* factors, which are designed to assist the Court in exercising its "careful judgment" in balancing the interests in public disclosure in unique circumstances of strongly expressed and wide-ranging public interest and the traditional considerations concerning the secrecy of grand jury proceedings. *In re Craig*, 131 F.3d at 104.

1.    **The Identity of the Party Seeking Disclosure**

The first factor considers which party is seeking disclosure of grand jury materials; the identity of the party seeking disclosure "carr[ies] great weight." *In re Craig*, 131 F.3d at 106.  Here, the Government is seeking disclosure of grand jury transcripts, a request that is consistent with increasing calls for additional disclosures in this matter.[2] The Government's position "serve[s] as a preliminary indication that the need for secrecy is not especially strong," even if it is "not dispositive." *Id.*; *see also id.* ("Government support cannot 'confer' disclosure, nor can government opposition preclude it."). While the Government acknowledges the extraordinary

---

[2] *See, e.g.*, Press Release, Chairman Comer Subpoenas Ghislaine Maxwell for Deposition at Federal Prison - United States House Committee on Oversight and Accountability ("The facts and circumstances surrounding both [Ms. Maxwell] and Mr. Epstein's cases have received immense public interest and scrutiny. At the outset of the 119th Congress, on February 11, 2025, the Committee and the Task Force on the Declassification of Federal Secrets sent a letter to the U.S. Department of Justice requesting a briefing regarding documents in the Department's possession regarding 'the investigation into and prosecution of Jeffrey Epstein.' On May 8, the Task Force sent another letter to the Department requesting the public release of 'the entirety of the Epstein files' and a briefing regarding the release of these files.").

nature of the instant request, it is also (like the Court) faced with a broad public interest in the underlying proceedings.

2.    **Whether the Defendant to the Grand Jury Proceeding or the Government Opposes the Disclosure**

The second factor asks whether the defendant or the Government opposes public disclosure of grand jury materials. *See In re Craig*, 131 F.3d at 106; *see also Lawyers' Committee for 9/11 Inquiry Inc. v. Garland*, 43 F.4th 276, 285–86 (2d Cir. 2022) (affirming denial of motion to disclose grand jury materials where the Government opposed release). A defendant's opposition to public disclosure is not dispositive. *See In re Grand Jury Proceedings GJ-76-4 & GJ-75-3*, 800 F.2d 1293, 1305 (4th Cir. 1986) (affirming district court's decision to disclose grand jury transcript and exhibits over defendant corporation's objection).

Defendant Epstein has passed and therefore cannot assert a position.[3] Defendant Maxwell has indicated that she expects "to craft a response and set out [her] position to the Court." (Maxwell Dkt. 793).

3.    **Why Disclosure Is Being Sought in the Particular Case**

The third factor considers "why disclosure is being sought in the particular case." *In re Craig*, 131 F.3d at 106. The Second Circuit in *In re Craig* held: "It is . . . entirely conceivable that in some situations historical or public interest alone could justify the release of grand jury information." *Id.* As described above and in the underlying motions, there is undoubtedly a clearly expressed interest from the public in Jeffrey Epstein's and Ghislaine Maxwell's crimes. Beyond that, there is abundant public interest in the investigative work conducted by the Department of Justice and the Federal Bureau of Investigation into those crimes. *See In re Am. Hist. Ass'n*, 49 F.

---

[3] As noted below, the Government has not received any outreach from Epstein's surviving family concerning the instant motion.

Supp. 2d 274, 294 (S.D.N.Y. 1999) (applying *In re Craig*) ("Many historians … have spent countless hours documenting the Rosenbergs' story. Many questions remain unanswered, and the public's interest remains."); (Epstein Dkt. 61 at 1; Maxwell Dkt. 785 at 1). Attention given to the *Epstein* and *Maxwell* cases has recently intensified in the wake of the July 6, 2025 Memorandum announcing the conclusions of the Government's review into the investigation. *See id*.

The instant motions for unsealing are consistent with the fundamental purposes set forth in that memorandum given the magnitude and abhorrence of Epstein's crimes: to provide information to the public while remaining sensitive to protecting the rights of victims.

### 4.        What Specific Information Is Being Sought for Disclosure

The fourth factor asks what specific information the movant seeks to disclose. *See In re Craig*, 131 F.3d at 106. Here, the Government seeks the public disclosure of the grand jury transcripts in the *Epstein* and *Maxwell* cases (Epstein Dkt. 61 at 1; Maxwell Dkt. 785 at 1). As stated in the pending motions, any public disclosure granted by the Court would be "subject to appropriate redactions of victim-related and other personal identifying information" (Epstein Dkt. 61 at 2; Maxwell Dkt. 785 at 2).

### 5.        How Long Ago the Grand Jury Proceedings Took Place

The fifth factor asks how long ago the grand jury proceedings took place. *In re Craig*, 131 F.3d at 106.  The grand jury met in June and July of 2019 in the *Epstein* case. The grand jury met in June and July of 2020 and March of 2021 in the *Maxwell* case. Here, the passage of time has not dulled the public's interest in these cases. *See In re Craig*, 131 F.3d at 107 ("if historical interest in a specific case has persisted over a number of years, that serves as an important indication that the public's interest in release of the information is substantial").

6.    **The Current Status of the Principals of the Grand Jury Proceedings and that of their Families**

The sixth factor considers "the current status of the principals of the grand jury proceedings and that of their families." *In re Craig*, 131 F.3d 99. The passage of time "brings about the death of the principal parties involved in the investigations, as well as that of their immediate families." *Id.* at 106. The Court should consider the "continued existence and vulnerabilities of such parties." *Id.*

In this case, the grand jury testimony was offered specifically in connection with charges proposed against Epstein and Maxwell. Epstein is deceased, and no family member has approached the Government indicating an interest in the instant motions. One of Epstein's family members previously filed a request for materials pursuant to the Freedom of Information Act, the Government responded to that request, and no litigation ensued.  Maxwell currently is incarcerated, and no family member has approached the Government indicating an interest in the motions.

7.    **The Extent to Which the Desired Material—Either Permissibly or Impermissibly—Has Been Previously Made Public**

The Government is not aware of the relevant grand jury transcripts being impermissibly leaked to the public.

Certain aspects and subject matters of the transcripts became public during Maxwell's trial. To the extent that any of the desired material was disclosed to Maxwell as a result of the Government's disclosure obligations, it was disclosed pursuant to a protective order.

Many of the victims whose accounts relating to Epstein and Maxwell that were the subject of grand jury testimony testified at trial consistent with the accounts described by an FBI agent and the detective from the New York City Police Department ("NYPD") in the grand jury and some have also made public those factual accounts in the course of civil litigation.  The

Government is providing under seal a list of witnesses whose accounts were conveyed in the grand jury proceedings and a corresponding list noting which witnesses testified at trial.

### 8.    Whether Witnesses to the Grand Jury Proceedings Who Might Be Affected by Disclosure Are Still Alive

The eighth factor considers "whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive." *In re Craig*, 131 F.3d at 106.

Here, there was one witness—an FBI agent—during the *Epstein* grand jury proceedings. There were two witnesses—the same FBI agent from the *Epstein* grand jury proceedings and a detective with the NYPD who was a Task Force Officer with the FBI's Child Exploitation and Human Trafficking Task Force—during the *Maxwell* grand jury proceedings.

Both witnesses are still alive; the FBI agent continues to be an agent with the FBI, and the Detective continues to be a Detective with the NYPD as well as a Task Force Officer.

Consistent with applicable rules concerning the admissibility of hearsay testimony, the grand jury witnesses described statements of others, including statements of and concerning victims, many of whom are still alive.  In the sealed submission accompanying this filing, the Government will note which victims are still alive.

### 9.    Whether There Is an Additional Need for Maintaining Secrecy in the Particular Case in Question

Finally, the ninth factor considers "the additional need for maintaining secrecy in the particular case in question." *In re Craig*, 131 F.3d at 106. In addition to the typical reasons for grand jury secrecy, the grand jury transcripts contain victim-related and other personal identifying information related to third parties who neither have been charged or alleged to be involved in the crimes with which Epstein and Maxwell were charged, to which the Government is sensitive, and which is why the Government proposes redacting the transcripts before releasing them. (*See* Epstein Dkt. 61 at 2; Maxwell Dkt. 785 at 2).

### B.    Additional Information

The Court directed the Government to state whether, "before filing the instant motion, counsel for the Government reviewed the Maxwell grand jury transcripts and whether the Government provided notice to the victims of the motion to unseal." (Epstein Dkt. 63 at 3; Maxwell Dkt. 789 at 3).

Before filing the motions to unseal, relevant counsel for the Government reviewed the *Epstein* and *Maxwell* grand jury transcripts. In addition, the Government has now provided notice to all but one of the victims who are referenced in the grand jury transcripts at issue in this motion.  The Government has attempted to contact the remaining victim, but such efforts have been unsuccessful.  In addition, the Government is in the process of providing notice to any other individuals identified in the transcripts.

### C.    Provision of Materials to the Court

The Court directed the Government to submit: (1) indices of Epstein and Maxwell grand jury materials, including a brief summary, the number of pages, and dates; (2) a complete set of the Epstein and Maxwell grand jury transcripts; (3) a complete proposed redacted set of the Epstein and Maxwell grand jury transcripts; and (4) a description of any other Epstein and Maxwell grand jury materials, including, but not limited to, exhibits. (Epstein Dkt. 63 at 3; Maxwell Dkt. 789 at 3).  As to the final category, the Government provides a description of all of the underlying materials presented to the grand jury as well as copies of, and proposed redactions to, certain materials presented to the grand jury.

The Government is submitting these materials *ex parte* and under seal, as they relate to grand jury proceedings and include information related to victims, including but not limited to victim-identifying information of individuals who neither testified at trial or who were the subject of testimony at trial. The Government underscores that it takes very seriously its obligation to

protect victim-related information and therefore believes the proposed redactions not only are appropriate but are necessary to protect those rights.

Dated: New York, New York
        July 29, 2025

                                        Respectfully submitted,

                                        PAMELA J. BONDI
                                        United States Attorney General
                                        TODD BLANCHE
                                        Deputy United States Attorney General
                                        United States Department of Justice


                                         /s/ Jay Clayton
                                        JAY CLAYTON
                                        United States Attorney for the
                                        Southern District of New York
                                        26 Federal Plaza
                                        37th Floor
                                        New York, New York 10278