

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 4, 2025

| | |
|---|---|
| The Honorable Richard M. Berman | The Honorable Paul A. Engelmayer |
| United States District Judge | United States District Judge |
| Southern District of New York | Southern District of New York |
| 500 Pearl Street | 40 Foley Square |
| New York, New York 10007 | New York, New York 1007 |

Re:   *United States v. Jeffrey Epstein*,
         **19 Cr. 490 (RMB)**
         *United States v. Ghislaine Maxwell*,
         **20 Cr. 330 (PAE)**

Dear Judges Berman and Engelmayer:

The Government writes respectfully to respond to the Court's orders, dated July 31, 2025, directing the Government to provide additional information regarding grand jury materials the Government has asked the Court to unseal in these cases. (Epstein Dkt. 67; Maxwell Dkt. 797).

In particular, on July 18, 2025, the Government moved the Court to unseal grand jury transcripts from these cases, subject to appropriate redactions. (Epstein Dkt. 61; Maxwell Dkt. 785). The Court directed the Government to provide supplemental briefing (Epstein Dkt. 63; Maxwell Dkt. 789), which the Government submitted on July 29, 2025 (Epstein Dkt. 66; Maxwell Dkt. 796). In addition, the Court set a schedule whereby the defendants and victims could set out their positions on or before August 5, 2025. (Epstein Dkt. 63 at 3–4; Maxwell Dkt. 789 at 4).

On July 31, 2025, the Court directed the Government to provide additional information by August 4, 2025, in particular, in the Epstein case, a letter:

1. Verifying the date(s) of all grand jury presentation(s) in this case;

2. Providing all exhibits shown to grand jurors;

3. Stating whether the Government moves to unseal the grand jury exhibits as well as the transcripts;

4. Identifying with specificity the grand jury exhibits that are not already part of the public record (They may be redacted for any public release);

Hon. Richard M. Berman, U.S.D.J.
Hon. Paul A. Engelmayer, U.S.D.J.
August 4, 2025
Page 2 of 4

     5.     Analyzing how the *Nolle Prosequi* ([Epstein] ECF No. 52) filed in this case impacts proposed disclosure, with legal authorities.

(Epstein Dkt. 67). In the Maxwell case, the Court directed the Government to provide additional information by August 4, 2025, in particular, a letter:

     1.     Stating whether the Government moves to unseal the grand jury exhibits as well as the transcripts, or just the transcripts.

     2.     Identifying with specificity the grand jury exhibits, as redacted for public release, that are not already part of the public record. In making this assessment, the Government should take into account whether the unredacted portions of these exhibits were received in evidence during trial in this case, otherwise disclosed on the docket of this case, or disclosed in the course of civil litigation, *see, e.g., Giuffre v. Maxwell*, 15 Civ. 7433 (LAP).

     3.     Identifying with specificity the information testified to in the grand jury transcripts, as redacted for proposed release, that is not already part of the public record, taking into account the sources above.

(Maxwell Dkt. 797).

Because the Court's Orders, and the information sought, are consistent in several respects, the Government respectfully submits this consolidated letter response.

*First*, at this time, the Government has moved only to unseal the grand jury transcripts in these cases. Of course, the grand jury exhibits are not the only exhibits in these cases; a large number of exhibits were admitted at the *Maxwell* trial, which trial exhibits are—subject to judicially approved redactions and/or sealing—presumptively public documents. *See, e.g., United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("the public has an especially strong right of access to evidence introduced in trials" (internal quotation marks and citation omitted)); *United States v. Akhavan*, 532 F. Supp. 3d 181, 186 (S.D.N.Y. 2021) ("trial exhibits are judicial documents to which an 'especially strong' common law presumption of access applies" (quoting *Amodeo*, 71 F.3d at 1049)). The Government previously made those trial exhibits—subject to any judicially approved redactions and/or sealing—available to the public through a website during the *Maxwell* trial.

The Government respectfully requests leave of the Court to advise the Court by August 8, 2025, of its position with respect to unsealing of the grand jury exhibits. Such timing will permit the Government to consider (with respect to its underlying position as well as with respect to any

Hon. Richard M. Berman, U.S.D.J.
Hon. Paul A. Engelmayer, U.S.D.J.
August 4, 2025
Page 3 of 4

necessary redactions) any submissions to the Court by the victims identified in the grand jury transcripts, which are due to the Court on August 5, 2025.

*Second*, the *Epstein* grand jury met on June 18, 2019, and July 2, 2019. The *Maxwell* grand jury met on June 29, 2020, July 8, 2020, and March 29, 2021.

*Third*, the Government has provided the Court with all substantive exhibits from the grand jury presentations in each of the *Epstein* and *Maxwell* cases that it currently has in its possession. The Government respectfully submits under seal to Judge Berman one additional grand jury exhibit from the *Epstein* case that it referenced in its letter to the Court but did not have readily available at that time.

*Fourth*, in connection with this letter, the Government respectfully submits to Judge Engelmayer under seal and *ex parte* a version of the Maxwell grand jury transcripts that specifically identifies which information in the transcripts is not, as far as the Government is aware, publicly available. As previewed in the Government's submission of July 29, 2025, many of the victims and witnesses testified at trial consistent with the accounts offered in the grand jury by investigating law enforcement witnesses. The enclosed, annotated transcripts show that much of the information provided during the course of the grand jury testimony—with the exception of the identities of certain victims and witnesses—was made publicly available at trial or has otherwise been publicly reported through the public statements of victims and witnesses.[1]

*Fifth*, the substantive grand jury exhibits are not currently part of the public record. The Government, however, is undertaking to identify for the Court any specific *portions* of the grand jury exhibits that are reflected in the public record. In doing so, the Government endeavors to compare the exhibits against the voluminous public and sealed exhibits offered at the Maxwell trial and to review certain relevant civil litigation dockets of which the Government is aware to the extent such dockets are publicly available. The Government respectfully requests leave of the Court to supplement this letter no later than August 8, 2025, in order to respond to item 4 of Judge Berman's Order and item 2 of Judge Engelmayer's Order.

*Sixth*, the *nolle prosequi* filed in the *Epstein* case does not impact the proposed disclosure. While the Supreme Court has noted—in a different context—that a Court's "jurisdiction end[s]" when "a *nolle prosequi* [is] entered," *Ex parte Wilson*, 140 U.S. 575, 583 (1891), it did so in the context of a court having the ability to enter a judgment. To the contrary, at least one court has explicitly held that a *nolle prosequi* does *not* deprive a court of the authority to determine whether to disclose sealed grand jury minutes. *United States v. Byoir*, 58 F. Supp. 273, 274 (N.D. Tex.),

---

[1] Although there was no public trial of Epstein, the Government is prepared to do a similar analysis regarding the *Epstein* grand jury transcripts if Judge Berman believes it would assist in the Court's analysis of the *In re* Craig factors related to the Government's motion in *Epstein*.

*affirmed* 147 F.2d 336 (5th Cir. 1945) ("The same jurisdiction that was sought in the beginning continues to exist insofar as the integrity and preservation of the minutia and minutes and proceedings of those steps are concerned. What was done here is evidence and may be advantaged by either party, having in mind, of course, the question of the secrecy of the grand jury proceedings. And the only jurisdiction over such matters is in this court."); *see also, e.g., Dale v. Bartels*, 532 F. Supp. 973, 978–79 (S.D.N.Y. 1982) (ordering limited disclosure of sealed grand jury testimony after entry of a *nolle prosequi*). However, the fact that Epstein passed away—which was the basis for the entry of the *nolle prosequi*—is a factor to be considered. *See In re Craig*, 131 F.3d 99, 106 (2d Cir. 1997) (noting that "the current status of the principals of the grand jury proceedings and that of their families" is a factor "that a trial court might want to consider when confronted with these highly discretionary and fact-sensitive 'special circumstances' motions").

*Seventh*, regarding the Government's approach to victim notification of the instant proceedings, as noted in its July 29 submission, the Government has provided notice of the unsealing motions to all but one of the victims who are referenced in the grand jury transcripts at issue in the motions. The Government still has been unable to contact that remaining victim. With respect to victims who are not identified in the grand jury transcripts but who have previously received victim notifications in the *Maxwell* and *Epstein* matters, the Government will over the coming days alert those victims to the fact of the unsealing motions.

Finally, in light of the Government's ongoing efforts to ensure that that the interests of victims and other third parties are appropriately considered, as well as the multifaceted nature of these and other relevant proceedings, it may be necessary or appropriate for the Government to modify or supplement the information provided today, and the Government commits to doing so as promptly as practicable.

As always, the Government is available to answer any questions the Court may have.

Respectfully submitted,

PAMELA J. BONDI
United States Attorney General
TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice

/s/ Jay Clayton
JAY CLAYTON
United States Attorney for the
Southern District of New York
26 Federal Plaza
37th Floor
New York, New York 10278