

# EDWARDS HENDERSON
## THE CRIME VICTIM LAW FIRM

Florida Office

425 North Andrews Avenue
Suite 2
Fort Lauderdale, FL  33301

Telephone (954)524-2820
Fax (954)524-2822
info@cvlf.com
Brad@cvlf.com
Brittany@cvlf.com

New York Office

*By Appointment Only*

## MEMO ENDORSED

August 5, 2025

Honorable Richard M. Berman
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
Courtroom 17B
New York, NY  10007-1312

Via Email:  BermanNYSDChambers@nysd.uscourts.gov
         Grady_MacPhee@nysd.uscourts.gov
         USANYS.EpsteinMaxwellVictims@usdoj.gov

Docket and file.

SO ORDERED:
Date: 8/5/25
Richard M. Berman, U.S.D.J.

**RE: Crime Victims' Rights Act Implications Regarding Unsealing of Grand Jury Materials in Epstein Proceedings**

**Case:** *United States of America v. Jeffrey Epstein*
**Case No.:** 19 CR 490 (RMB)

Dear Judge Berman:

We represent numerous survivors of Jeffrey Epstein, including several individuals whose names and identifying information appear in the subject materials. In that vein, we write to address the Department of Justice's request to unseal grand jury materials and to respectfully urge the Court to administer any disclosure in a manner that fully honors the victims' rights under the Crime Victims' Rights Act ("CVRA"), 18 U.S.C. § 3771, the enduring interests protected by Federal Rule of Criminal Procedure 6(e), and Eleventh Circuit precedent.

### I.    Victims' CVRA Rights Are Directly Implicated and Must Be Considered in Context– Not in a Vacuum

The CVRA guarantees victims:

- The right to be reasonably protected from the accused (§ 3771(a)(1));
- The right to be heard at any public proceeding involving release, parole, or sentencing (§ 3771(a)(3));
- The right to confer with the attorney for the Government (§ 3771(a)(5)); and,
- The right to be treated with fairness and respect for dignity and privacy (§ 3771(a)(8)).

*See also Kenna v. U.S. Dist. Court*, 435 F.3d 1011, 1016–17 (9th Cir. 2006) (fairness and dignity are substantive, enforceable rights); *In re Dean*, 527 F.3d 391, 394–95 (5th Cir. 2008) (government must confer with victims before making consequential case decisions); *In re Wild*, 994 F.3d 1244 (11th Cir. 2021) (en banc) (confirming that CVRA protections are fully attached post-conviction).

Given our history fighting for the enforcement of the CVRA on behalf of Jeffrey Epstein's many victims, we were quite surprised to learn that the government sought the unsealing of grand jury materials before this Court without first conferring with the victims or their counsel, a step required by the CVRA and reinforced by *Doe v. United States*, 08-80736 (S.D. Fla.). That case, litigated pro bono by undersigned counsel for more than a decade, arose precisely because the government previously violated the rights of many of these very same victims. It is especially troubling that, despite the outcome of that litigation, the government has once again proceeded in a manner that disregards the victims' rights—suggesting that the hard-learned lessons of the past have not taken hold. This omission reinforces the perception that the victims are, at best, an afterthought to the current administration.

Of significant concern, the same government that failed to provide notice to the victims before moving this Court to unseal the grand jury materials is now the government representing to this Court that it has provided appropriate notice to the victims or their counsel and has conducted a proper review and redaction of the materials it seeks to release. Several clients have contacted us expressing deep anxiety over whether the redactions were in fact adequate. Consequently, we requested yesterday that the government identify which of our clients were referenced to the grand jury. The government responded promptly and provided clarification. However, we have strong reason to believe that additional individuals—whom we also represent—were likely referenced in those materials but were not identified to us by the government.

It remains unclear whether notice was instead provided to prior counsel, whether their omission was a government oversight, whether the government does not consider them to be victims, or whether these individuals were, in fact, not mentioned to the grand jury. Regardless of the explanation, this ambiguity raises a serious issue that must be resolved before any materials are publicly released.

Against this backdrop, any disclosure of grand jury material—especially material that could expose or help identify victims in any way—directly affects the CVRA's fairness, privacy, conferral, and protection guarantees. To ensure those rights are protected, it is essential that the protocol outlined in the relief requested below is adopted by this Court.

## II. Rule 6(e) and Eleventh Circuit Authority Require Heightened Caution and Narrow Tailoring.

Grand jury secrecy is a "long-established policy" safeguarded by Rule 6(e). *Douglas Oil Co. v. Petrol Stops Nw.,* 441 U.S. 211, 219–23 (1979). Even where disclosure may be considered, the movant must establish a particularized need that outweighs the countervailing interests in secrecy, and any disclosure should be no broader than necessary. *Id.* at 222–23. The Eleventh Circuit has further held that district courts lack inherent authority to order grand jury disclosure outside the exceptions in Rule 6(e). *Pitch v. United States*, 953 F.3d 1226, 1237–38 (11th Cir. 2020) (en banc); *see also McKeever v. Barr*, 920 F.3d 842, 845–46 (D.C. Cir. 2019).

Here, even if the Court were to find a Rule 6(e) path to limited disclosure, victims' CVRA rights and the traditional interests protected by grand jury secrecy converge in favor of extraordinary care: rigorous judicial screening, robust redactions, minimization of any risk of re-identification, and meaningful victim participation before anything is made public. Related privacy provisions reinforce this approach. *See, e.g.,* 18 U.S.C. § 3509(d)(2) (authorizing protective orders to shield child-victims' identities and "other information concerning a child"); Fed. R. Crim. P. 49.1 (privacy redactions). Many Epstein victims were minors at the time of the abuse; even for those now adults, § 3771(a)(8) and the Court's protective authority warrant safeguards that functionally align with § 3509(d) principles.

## III. Requested Relief

In light of the foregoing, the victims respectfully request that the Court:

1) Require Conferral and Notice (CVRA §§ 3771(a)(5), (c)(1)): Direct the Government to confer with victims' counsel and provide reasonable notice and an opportunity to be heard before any ruling on unsealing or public release of grand jury materials.

2) Judicial In Camera Review: Conduct a comprehensive in camera review of the grand jury materials to determine whether the proponent has shown a Rule 6(e)-compliant basis for any disclosure and, if so, the narrowest scope of disclosure consistent with *Douglas Oil*.

3) Victims' Counsel Pre-Release Review (Under Protective Order): Permit designated victims' counsel to review the government's proposed redactions and any index of materials under a strict protective order, to allow victims' counsel to identify and prevent: (a) direct identifiers, (b) combinations of data points that could reasonably lead to re-identification or harassment of victims, and (c) to propose all additional redactions necessary.

4) Dispute Resolution before Unsealing or Release: If the government does not agree with additional proposed redactions from victims' counsel, provide victims' counsel the opportunity to be heard on any dispute before ruling on unsealing or public release.

5) **Defer or Deny Without Prejudice if Safeguards Cannot Be Assured**: If adequate safeguards cannot be implemented consistent with Rule 6(e), *Pitch*, and the CVRA, deny disclosure without prejudice.

### IV. Conclusion

The survivors support transparency when it can be achieved without sacrificing their safety, privacy, or dignity. But transparency cannot come at the expense of the very people whom the justice system is sworn to protect—particularly amid contemporaneous events that magnify risk and trauma. Several victims have already died by suicide, drug overdose, or under tragic circumstances tied directly to the trauma caused by Jeffrey Epstein and Ghislaine Maxwell. These survivors have already endured profound violations of their rights and dignity, both during the years of Epstein's abuse and in the years following. To now compound their trauma by sidelining them from critical decisions—especially in this climate of heightened concern—is inconsistent with both the letter and the spirit of the CVRA.

The CVRA, Rule 6(e), and Eleventh Circuit authority all point toward narrow tailoring, maximal privacy protections, and meaningful victim participation before any grand jury material sees daylight. We respectfully ask the Court to adopt the safeguards outlined above.

Respectfully submitted,

*/s/ BEL*

Bradley Edwards
Brittany Henderson
EDWARDS HENDERSON
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone: (954) 524-2820
Email: brad@cvlf.com
       brittany@cvlf.com


Paul G. Cassell
Utah Appellate Project
S.J. Quinney College of Law at the University of Utah
383 S. University St.
Salt Lake City, UT 84112-0300
Tel: 801-580-6462
Email: pgcassell.law@gmail.com
*(institutional address for identification purpose only, not to imply institutional endorsement)*