**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| |
|---|
| UNITED STATES OF AMERICA, |
| -against- |
| JEFFREY EPSTEIN, |
| Defendant. |

19 CR. 490 (RMB)

**DECISION & ORDER**

Having reviewed, among other things: (i) NBC News letter applications, dated August 13, 2025 and September 12, 2025, to "unseal" the names of two individuals ("Individual-1 and Individual-2") who had been included in the Government's July 16, 2019 application to detain (remand) Epstein pending trial; (ii) the letter, dated September 5, 2025, from Brittany N. Henderson and Bradley J. Edwards, counsel to Epstein victims, contending that "it is imperative that the[] [two] names remain sealed, as disclosure poses a real threat to victims' safety and privacy and would be in violation of 18 U.S.C. § 3771" (the "Crime Victims' Rights Act"), and (iii) the Government's opposition to unsealing. The names of Individual-1 and Individual-2 should remain sealed to protect their legitimate privacy interests," *see* Gov't Resp., dated Sept. 5, 2025, at 3 (ECF No. 79); **the Court denies NBC News' applications to unseal the names of Individual-1 and Individual-2 and orders that the two names shall remain sealed.**[1]

## I. BACKGROUND

On July 2, 2019, Jeffrey Epstein was indicted in the Southern District of New York on one count of sex trafficking conspiracy and one count of sex trafficking. *See* Indictment, dated July 2, 2019, at 1, 11 (ECF No. 2). Epstein was arrested on July 8, 2019. On July 15, 2019, the

---

[1] The Court is also accepting defense counsel's applications for sealing of Individual-1 and Individual-2's identities, dated August 29, 2025 and September 5, 2025. *See* Gov't Resp. Exs. A & B.

1

Court conducted a bail/remand hearing the result of which was Epstein's detention pending trial. *See* Bail Hr'g Tr., dated July 15, 2019 (ECF No. 36). Court: "Epstein threaten[ed] the safety of another person and . . . the community" and he "[is also] a flight risk." Decision & Order Remanding Def., dated July 18, 2019, at 10, 22 (ECF No. 32).

**<u>Individual-1 and Individual-2</u>**

Individual-1 and -2, according to counsel, tragically became Epstein's sexual victims. *See* Henderson Letter, dated Sept. 5, 2025, at 1 (ECF No. 80); Gov't Resp. Ex. B. They were neither co-conspirators of Epstein nor have they ever been charged with any Epstein-related crimes.

According to counsel for Individual-1, after Epstein's arrest and subsequent death, Individual-1 was "the subject of *death threats*, investigated by the FBI and found to be credible, as a result of public misconceptions about her." Gov't Resp. Ex. A at 2. According to counsel, the United States Attorney's Office for the Southern District of New York, the Federal Bureau of Investigation, the New York Police Department, as well as Class Counsel representing many of Epstein's victims, "now all recognize that [Individual-1] was mislabeled as a potential co-conspirator, rather than a badly harmed victim." *Id.*

Counsel for Individual-2 states that "[a]fter years of extensive investigation, we have ultimately concluded that [Individual-2] and [Individual-1] were both severely victimized by Jeffrey Epstein . . . and should be afforded the same protections that have been afforded to all other victims." Gov't Resp. Ex. B. Counsel argues that "it is imperative that these names remain sealed, as disclosure poses a real threat to victims' safety and privacy and would be in violation of 18 U.S.C. § 3771, the Crime Victim's Rights Act's guarantees of fairness, privacy, conferral, and protection." Henderson Letter at 1.

The Government also supports continued sealing. It states that NBC's "[m]otion should be denied . . . in order to protect the privacy interests of Individual-1 and Individual-2." Gov't Resp. at 2. The Government goes on to say that there are other interests implicated "including but not limited to 'the danger of impairing law enforcement or judicial efficiency.'" *Id.* (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)); *see also United States v. Rajaratnam*, 708 F. Supp. 2d 371, 375 n.3 (S.D.N.Y. 2010) (in deciding whether to seal a document, a court must consider the "privacy interests of . . . victims") (quoting *United States v. Doe*, 63 F.3d 121, 128 (2d Cir. 1995). The Government points out that "a person whose conduct is the subject of a criminal investigation but is not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation." *In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016).

On August 10, 2019, while awaiting trial, Epstein committed suicide at the Metropolitan Correctional Center. The Court scheduled a hearing on August 27, 2019 (i) to consider an order of *nolle prosequi* (dismissal); and (ii) to hear (and listen) to the victims of Jeffrey Epstein who wished to be heard. *See* Gov't Letter Mot., dated Aug. 19, 2019 (ECF No. 47); Order, dated Aug. 21, 2025 (ECF No. 48); Victims' Hr'g Tr., dated Aug. 27, 2019, at 28:15–17 (ECF No. 53).[2]

## II. LEGAL STANDARD

When faced with a motion to unseal materials on the public docket, the court must "balance competing considerations," including the privacy interests of unindicted third parties

---

[2] 23 victims spoke at the hearing. A sample of their remarks includes the following: "I think this is a really important signal to send a message to victims out there that people will take you seriously, people will follow through . . . ." Victims' Hr'g Tr., dated Aug. 27, 2019, at 59:5–10 (ECF No. 53). "Jeffrey Epstein sexually abused me for years, robbing me of my innocence and mental health." *Id.* at 35:2–3. "I just wanted to express that we, the victims, we will always carry irreparable damage and pain throughout our lives after this. It's something that's never going to go away." *Id.* at 40:25–41:3.

3

and the protections afforded to victims under the Crime Victims' Rights Act. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). While the public has a (qualified) First Amendment right of access to criminal proceedings, the right of access "is not absolute." *In re NY Times Co.*, 828 F.2d 110, 113, 116 (2d Cir. 1987).

"The privacy interests of innocent third parties . . . that may be harmed by disclosure . . . should weigh heavily in a court's balancing equation." *In re NY Times*, 828 F.2d at 116. "A crime victim has . . . [t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 U.S.C. § 3771(a)(8). "[T]he court shall ensure that the crime victim is afforded the rights described in subsection [§ 3771](a)" *Id.* § 3771(b)(1).

### III. ANALYSIS

#### A. 2019 Sealing is Confirmed and Continued

At the request of the Government, the Court sealed the identities of Individual-1 and Individual-2 on July 15, 2019. The Government did not "want to reveal the names of potential witnesses and frankly potential victims." Bail Hr'g Tr. at 69:19–22. NBC News argues six years later that "personal privacy does not justify sealing" and relies upon several general "factors" that courts consider "[i]n determining the weight to be accorded [to] an assertion of a right of privacy." NBC News Reply at 2; *See Amodeo*, 71 F.3d at 1051–52 (describing the factors).

NBC's analysis of four factors did not adequately address the privacy interests of those persons resisting disclosure, i.e. Individual-1 and -2. *See Mirlis v. Greer*, 952 F.3d 51, 61 (2d Cir. 2020) ("Foremost among the competing concerns that a court weighing disclosure must consider is the privacy interest of the person resisting disclosure."). "The privacy and reputation of crime victims has . . . been recognized as a countervailing interest to the presumption of public access." *United States v. Avenatti*, No. 19 Cr. 373 (PGG), 2020 WL 70952, at *5 (S.D.N.Y. Jan. 6, 2020). Here, the revelation of Individual-1 and -2's names "may lead some members of the

4

public to find—wrongly—'fire' when nothing but 'smoke' exists." *United States v. Huntley*, 943 F. Supp. 2d 383, 387 (E.D.N.Y. 2013).

As the Government correctly points out, Individual-1 and Individual-2 have unique privacy and safety concerns. They are "uncharged third parties who have not waived their privacy interests." Gov't Resp., dated September 5, 2025, at 2 (ECF No. 79). Indeed, Individual-1 and Individual-2 "have expressly objected to the unsealing of their names." *Id.*

The Court finds that NBC News fails to recognize that the privacy and security interests of unindicted and uncharged third parties are "a venerable common law exception to the presumption of access." *Amodeo*, 71 F.3d at 1051. Courts have an obligation to protect the privacy interests of individuals who have not been charged with any wrongdoing. *In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 WL 7339113, at *4 (S.D.N.Y. Dec. 19, 2016) ("[A] person whose conduct [wa]s the subject of a criminal investigation but [wa]s not charged with a crime should not have his or her reputation sullied by the mere circumstance of an investigation"). Moreover, redactions of names are appropriate to protect uncharged third parties who could otherwise be "stigmatized from sensationalized and potentially out-of-context insinuations of wrongdoing," particularly when they might be unable "to clear their names." *United States v. Cohen*, 366 F. Supp. 3d 612, 625 (S.D.N.Y. 2019) (quoting *United States v. Smith*, 985 F. Supp. 2d 506, 526 (S.D.N.Y. 2013).

Most important, threats against the safety of Individual-1 and Individual-2 persist. *See* Gov't Resp. Ex. A at 2. As counsel for Individual-1 points out, even after Epstein's death "Individual-1 was the subject of *death threats*, investigated by the FBI and found to be credible." *Id.* It would be highly imprudent (indeed reckless) to unseal the names of persons where, as

5

here, "disclosure poses a real threat to victims' safety." Henderson Letter, dated Sept. 5, 2025, at 1 (ECF No. 80).

### B. Crime Victims' Rights Act

In response to NBC News' request for unsealing, counsel, who (also) represents over 200 Epstein victims, contends that Individual-1 and Individual-2 should be afforded privacy, fairness, conferral, and protection under the Crime Victims' Rights Act ("CVRA"). *See id.*; Gov't Resp. Ex. B. *See United States v. Ray*, 337 F.R.D. 561, 570 (S.D.N.Y. 2020) (where the court found that CVRA rights, including the right to privacy, belong to the victim); Doe *1 v. JP Morgan Chase Bank, N.A.*, 742 F. Supp. 3d 387, 397 (S.D.N.Y. 2024) ("Protecting the identity of sexual assault survivors . . . has been widely recognized as a compelling reason to limit public access to judicial documents.").

The Court finds that unsealing the names of Individual-1 and Individual-2 would threaten their safety and their privacy. *See* Henderson Letter at 1. Threats to victims' safety and their privacy are compelling reasons to seal – **not** to unseal – the names identified in the Government's July 16, 2019 letter. *See United States v. Rajaratnam*, 708 F. Supp. 2d 371, 375 n.3 (S.D.N.Y. 2010).

### IV. CONCLUSION

For the reasons stated above, and based upon the record, NBC News' application(s) to unseal the names of Individual-1 and Individual-2 are respectfully denied.

Date: September 16, 2025
New York, New York

*PMB*
**RICHARD M. BERMAN, U.S.D.J.**