**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| -against- | 19 Cr. 490 (RMB) |
| | **ORDER** |
| JEFFREY EPSTEIN, | |
| Defendant. | |

The Court respectfully requests information from the Government regarding modification of "any preexisting protective orders that would otherwise prevent public disclosure by the Government . . . ." Gov't Mot., dated November 24, 2025, at 7 (ECF No. 85); *see also* Protective Order, dated July 25, 2019 (ECF No. 38).

The Court directs that the Government provide to the Court (by **noon on Monday, December 1, 2025**) the following information:

1. A detailed description of all materials subject to the Protective Order, dated July 25, 2019. The Court will take an in camera review of the materials the Government is seeking to make public; and

2. A detailed description of the privacy process, including any redactions, the Government seeks to employ to protect the rights of Epstein victims. *See, e.g.*, Edwards Henderson Letter, dated Nov. 25, 2025 (attached).

Dated: November 26, 2025
New York, New York

*Richard M. Berman*

**RICHARD M. BERMAN, U.S.D.J.**



# EDWARDS HENDERSON
## THE CRIME VICTIM LAW FIRM

**Florida Office**

425 North Andrews Avenue
Suite 2
Fort Lauderdale, FL  33301

Telephone (954)524-2820

Fax (954)524-2822

info@cvlf.com

**New York Office**

*By Appointment Only*

November 25, 2025

**VIA E-MAIL**
The Honorable Richard M. Berman
BermanNYSDChambers@nysd.uscourts.gov

> **Re:**  *United States of America v. Jeffrey Epstein*, **1:19-cr-00490-RMB**

Honorable Judge Berman,

Having received a similar invitation to respond to the Government's companion Motion to Unseal Grand Jury Transcripts in the case of *United States of America v. Ghislaine Maxwell*, case 1:20-cr-00330-PAE, given the identical applicability, and to maintain consistency in position, we provide you with the same response herein.

The victims of Jeffrey Epstein and Ghislaine Maxwell write with the utmost respect for the judicial system as the only governing body representative of the United States of America recognizing their fundamental rights to protection and privacy. As mindfully noted in this Court's November 24, 2025 Order, "[a]s with its earlier motion to unseal, the Government's motion is silent as to the rights of victims of Maxwell and/or Jeffrey Epstein to be heard, pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771." Likewise, despite alleged best intentions, the House Oversight Committee has recently uploaded dozens of documents to the public domain, received from both the Department of Justice and the Estate of Jeffrey Epstein, that have exposed the identities of victims and consequently caused significant emotional distress for our clients. To be clear, undersigned counsel has personally dedicated a tremendous amount of time, pro bono, to assisting Congress in various facets as it relates to its objectives of obtaining records to gain insight into the crimes of Jeffrey Epstein and his organization; however, transparency **CANNOT** come at the expense of the privacy, safety, and protection of sexual abuse and sex trafficking victims, especially these survivors who have already suffered repeatedly, both at the hands of their abusers as well as by the actions of the media and inactions on the Government.

On November 12, 2025, the House Oversight Committee released 20,000 documents to into the public domain, causing wide-spread panic amongst survivors of Jeffrey Epstein all over the world.[1] Among nearly a dozen others, undersigned has received the following communications:

---

[1] Committee on Oversight and Government Reform, <u>Oversight Committee Releases Additional Epstein Estate Documents - United States House Committee on Oversight and Government Reform</u> (12 Nov. 2025).

*United States of America v. Jeffrey Epstein*, 1:19-cr-00490-RMB
November 25, 2025
Page 2

- **Victim 1:** "Can you speak today. I see that my name was not redacted from anything in the first release. How do they know who the survivors are? Surely it should include all people under the umbrella of for instance what the mental health fund includes. Those who have moved through matters with the estate and with the banks. At a minimum. . . . Can I apply to the [de]partment of justice for anything? Can you help with redaction of my name? . . . While I believe all survivors have a human right to choose their path of recovery for themselves in a way that enables them to \*survive\*, I as strongly believe that despite that personal and individual path chosen, the protection they are granted should be the same across the board. . . This type of negligence by the government to a survivor is just unable to comprehend. It just is impossible. It can't be. . . And what about physical protection for those outside US. It's beyond. If we appear in a searchable pdf alongside anything to do with Israel it is very unfortunately and sadly the case that we are in physical danger. I don't understand how this is possible."

- **Victim 2:** "I am sorry to bother you but given the current situation that might expose more victims names to the public. I have been unable to mentally and emotionally function or sleep...I am trying to see if we have a power to override any decisions for our names not to be exposed. Would you be available for a brief chat sometime this week? I would greatly appreciate it."

- **Victim 3:** "I am beside myself with worry about the current news and the redactions situation as the first random file I happened to click on had a handwritten page of PB massage and it had [**Victim 4**]'s name and my name and so many others, the whole page was available for everyone to see with our unredacted names. I thought the government had promised to redact our names and identifying material. I don't understand how this is happening again. . . . Have you heard back from them at all? You kindly sent me the letters you had sent to them but I don't know what is happening any more and hope you can update me so I know what to expect and when as the situation is very scary for me."

In addition to the direct quotes above, we have fielded calls from at least six victims who have been contacted by the press after their names were released by the House Oversight Committee. Several have been approached personally by reporters on the street, and one was confronted in front of her nine-year old son by a reporter asking for her to comment about being an Epstein victim. The situation is already dire, we have diligently and repeatedly brought this issue to Congress, and the source of the problem, we are told, lies with the Department of Justice.

There remain dozens of women whose names were shared improperly in the latest House Oversight document upload who are not yet aware that their privacy has been violated and that they have been put at risk by the Department of Justice. For example, and proceeding with intentional caution given the public attention on this matter, there is one document in particular that was provided to the House Oversight Committee by the Department of Justice wherein the names of at least 28 victims were left unredacted, including individuals who were minor children at the time of the abuse and women who have been afforded protection in other courtrooms in this

*United States of America v. Jeffrey Epstein*, 1:19-cr-00490-RMB
November 25, 2025
Page 3

jurisdiction as a result of grave public safety concerns.[2] While we will detail the various excuses that the Court will no doubt be provided, this is **absolutely unacceptable** and a problem that **must** be rectified prior to the public release of any additional documents.

As a result of these numerous flagrant violations, undersigned has been in near constant communication with the House Oversight Committee Majority, the House Oversight Committee Minority, the House Judiciary Committee, the Estate of Jeffrey Epstein, and various members of the United States House of Representatives and the United States Senate since Congress began issuing document subpoenas and continuing through the recent passage of the Epstein Files Transparency Act on November 19, 2025. Notwithstanding, and despite numerous pleas for assistance, there is one singular entity that the victims cannot seem to find a way to engage and which has been the primary violator of the victims' identity protection thus far—the Department of Justice.

By way of background for the Court, the process that led to these unmistakable violations of the victims' rights, and to the broken promises of protection made to the victims by Congress, begins with the Estate of Jeffrey Epstein and the Department of Justice and ends with the House Oversight Committee. Our understanding is that the Estate of Jeffrey Epstein provides a redacted version of all documents to the House Oversight Committee and that the Department of Justice does the same. The House Oversight Committee then relies on the redactions of the former to be accurate and posts those "redacted" documents to the public domain. The few errors in redactions in the Estate documents seem to have been genuine mistakes that were made by redaction software. Given that even mistakes can have grave consequences in the lives of the victims, we are engaging the Estate on this issue and hope to reach a victim centered solution. Of much greater concern is the redaction process, or complete lack thereof, being applied by the Department of Justice. With no direct understanding of the process, and only comparing unredacted documents in our possession with the redacted versions provided by the DOJ to Congress, it appears that the DOJ has a very short list of victims whose identities were redacted in certain documents in the *United States v. Maxwell* case, whose names were likewise redacted in its production, leaving all others completely unredacted. Given the number of times we have drawn Congress's attention to this issue, and the fact that victims' names continue to be produced by DOJ in unredacted form, many of the victims believe this is being done intentionally. Regardless of how we arrived here, prior to the release by DOJ of any grand jury materials, or any other Epstein-related files for that matter, this is an issue that must be addressed directly with the Department of Justice; and this Honorable Court has provided our only plausible vehicle for doing so.

At this juncture, as made clear by DOJ's improper releases to Oversight thus far, the problem is either: (1) The Department of Justice **DOES NOT** know the identities of all the victims of Jeffrey Epstein and thus cannot apply proper redactions to files; or (2) the Department of Justice is intentionally failing to protect victims from public exposure. Optimistically assuming the former, it is not possible for the Department of Justice to properly redact the names of victims without our assistance or the assistance of individuals who worked personally on the criminal or civil Epstein-related cases. Given our two decades of investigation into Jeffrey Epstein and Ghislaine Maxwell,

---

[2] The undersigned will provide a copy of this document to the Court in camera or under seal upon request.

*United States of America v. Jeffrey Epstein,* 1:19-cr-00490-RMB
November 25, 2025
Page 4

DOJ simply does not, and cannot, have the same level of knowledge that we do with respect to the identity of the victims. The reasoning behind this is trifold: (1) the 2006 Southern District of Florida investigation into Jeffrey Epstein focused only on his minor child victims in Florida; (2) Jeffrey Epstein died during the course of the 2018 Southern District of New York investigation which focused only on his minor child victims in Florida and New York; and (3) the 2019 Southern District of New York investigation into Ghislaine Maxwell focused solely on the subset of victims which were relevant to her involvement in the abuse.

In each of those investigations, through legal counsel and even unbeknownst to undersigned for many years, Jeffrey Epstein was able to use lawyers that he paid for to silence certain victims who could have served as critical witnesses. This was done without their knowledge and despite their desire to be freed from his chains of control and abuse. For example, the Department of Justice included three young women as co-conspirators in Jeffrey Epstein's 2007 Non-Prosecution Agreement without their consent or knowledge, without ever once interviewing or speaking with them directly, and without ever learning during the course of that initial investigation that each of those three women had themselves been subjected to horrific sexual abuse by Jeffrey Epstien. In fact, these women cooperated with the Department of Justice during the New York investigations, and unlike Ghislaine Maxwell, these women were not prosecuted—because once their stories were heard, it was clear that they, too, were victims.

More pertinent to the breadth of the problem here, none of the investigations conducted by the Department of Justice ever focused on the young American adult women who were victimized through fraud, force, and coercion or the international trafficking operation that Jeffrey Epstein was running involving the exploitation and abuse of young, but not minor, women including those from nearly every Eastern European Country. To be clear, there are hundreds of women who were internationally trafficked by Jeffrey Epstein. We represent women from Ukraine, Russia, Lithuania, Slovakia, Bulgaria, Poland, Belarus, Sweden, England, and France; to name only a few. Most of these women have never spoken with the Department of Justice nor was the Department of Justice ever interested in speaking with them during any active investigation given that Epstein was never prosecuted or investigated for the international crimes that he committed, likely because he died in prison before the Government learned of that element of his trafficking scheme. Nonetheless, with respect to these women, Epstein engaged in extensive immigration fraud executed to illegally, internationally transport aspiring young models into this country where he would hold their visas in companies that he created and their passports in his possession so that they could not escape and so that he was able to control and essentially enslave them.

We appreciate the Department of Justice's July 2025 representation that it has, "confirmed that Epstein harmed over one thousand victims," and that, "[e]ach has suffered unique trauma."[3] On the basis of that representation, we ask the Court to confirm with the Department of Justice that prior to releasing any files to the House Oversight Committee, it undertook the onerous and necessary task of redacting all one thousand plus victim names that it had in its possession when that statement was released. On that pointed inquiry, the Court will learn that DOJ's redaction

---

[3] *See* U.S. Department of Justice Federal Bureau of Investigation July 2025 Memo, https://www.justice.gov/opa/media/1407001/dl?inline.

process and its process efforts are so irreconcilable with the number of victims it has publicly acknowledged that, when confronted with the discrepancy, its response will land somewhere between incoherent mumbling, non sequitur, and outright misrepresentation.

We ask the Court to order that the Department of Justice re-affirm its commitment to make sure all victim identifying information is redacted, subject to sanction for any failure, prior to allowing for the release of a single page of grand jury materials containing victim information and prior to releasing any additional documents containing victim information to the House Oversight Committee or any other entity that could lead to public disclosure. We ask the Court to order that the Department of Justice meet in confidence with the undersigned so that a list of victims in our possession, including over 300 women with whom we have or have had contact with, be transmitted in a precisely secure manner, to ensure that those women are protected from future harm to the extent that they are not already included within the thousand women identified by the Department of Justice. Our request is simply that the identity of all victims be protected, and our promise is to help facilitate that protection in whatever way is possible or necessary. These women are not political pawns. They are mothers, wives, and daughters. These are women who were abused by Jeffrey Epstein, and in some instances by others, and who have already had their rights violated in the past by the Government. They are human beings who have the right to be treated with dignity and respect, and to feel safe and protected by our country, which has failed them time and time again.

### Intention of the Epstein Files Transparency Act

It is quite frankly mindboggling to be back in front of the Court on the issue of the Grand Jury Materials as if these materials are in some way the lynch pin to the investigation or representative of what Congress expects the Department of Justice to produce pursuant to the Epstein Files Transparency Act. As explained by Judge Richard M. Berman, "[t]he information contained in the Epstein grand jury transcripts pales in comparison to the Epstein investigation information and materials in the hands of the Department of Justice." *See* Case No. 1:19-cr-00490 at DE 77. It is obvious to those knowledgeable of the legal system that DOJ is using this motion to attempt to trick the American people into believing that it intends to provide full transparency. The only thing thus far transparent about DOJ's actions is its intent to deceive the American people—a fact that has been called out by two separate courts. As this Court astutely observed, "[a] member of the public, appreciating that the Maxwell grand jury materials do not contribute anything to public knowledge, might conclude that the Government's motion for their unsealing was aimed not at "transparency" but at diversion—aimed not at full disclosure but at the illusion of such. *See* Case No. 1:20-cr-00330-PAE [DE 809] at 20.

The "Epstein Files" consist of the totality of the investigations completed by: (1) the Southern District of Florida from 2006-2008; (2) the Southern District of New York into Jeffrey Epstein from 2018-2019; and (3) into Ghislaine Maxwell from 2019-2021. Highlighting the magnitude of the problem and the utter lack of transparency to date, the Department of Justice has never released even the most basic of investigative materials pertaining to the very first investigation of Jeffrey Epestin, including the 53-page indictment or the 82-page prosecution memorandum that were prepared by Assistant United States Attorney Marie Villafana in 2007 in the Southern District of

Florida. Notwithstanding, within these files as a whole, stemming across three investigations in two jurisdictions, there are dozens of FBI 302's generated in each of the three investigations, hundreds of thousands of pages of documents seized from electronic devices located within Epstein's (and presumably Maxwell's) various homes, all other materials discovered during the various raids, information on nearly 100 different companies created by Jeffrey Epstein and his team of professionals, and a plethora of financial records. As confirmed in the DOJ's July 2025 Press Release, after conducting "an exhaustive review of investigative holdings relating to Jeffrey Epstein," including "digital searches of its databases, hard drives, and network drives as well as physical searches of squad areas, locked cabinets, desks, closets, and other areas where responsive materials may have been stored . . . [t]hese searches uncovered a significant amount of material, including more than 300 gigabytes of data and physical evidence." DOJ then indicated that none of the information would be released because included within the information was child pornography and sexual abuse materials. With the passage of the Epstein Files Transparency Act, we now expect most of this information to be redacted and released; with of course, the exception of all child pornography, sexual abuse material, pornographic material, and victim identifying materials, all of which are explicitly excluded from disclosure by the Act. *See* H.R. 4405(2)(c)(1)(A)-(B) and (D).

While the purpose of this response is simply to seek the Court's assistance in ensuring that the victims' names and identifying information are protected from public disclosure in accordance with the previous direction of this Honorable Court, the Honorable Judge Berman's Court, the Honorable Judge Marra's Court, the United States' Crime Victims' Rights Act, and the United States Congress through the Epstein Files Transparency Act, undersigned would be remiss not to remind the Court that this Country should expect far more from the Department of Justice than this incredibly small, and largely irrelevant, subset of grand jury materials that seem to serve as nothing more than DOJ's perpetual distraction from providing the American people with full transparency as it relates to Jeffrey Epstein, while protecting the victims.

## Codified Victim Protection

In the United States of America, all crime victims have rights pursuant to the Crime Victims' Rights Act, including but not limited to, "[t]he right to be treated with fairness and with respect for the victim's dignity and privacy." 18 USC § 3771(8). Furthermore, pursuant to H.R. 4405, the Epstein Files Transparency Act (2)(c) Permitted Withholdings, "(1) The Attorney general may withhold or redact the segregable portions of records that—(A) contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." Based on the language of the law, there is no justifiable reason for any document to ever be released by the Department of Justice without first redacting the name or personally identifiable information of all victims.

More than a handful of our courageous survivors stood on Capitol Hill alongside lawmakers in fervent support of this legislation, steadfast in their commitment to transparency. But what the world has not yet seen, and will hopefully never see, are the dozens upon dozens of survivors who chose to support them from the shadows, overwhelmed by constant fear of exposure, reprisal, and

*United States of America v. Jeffrey Epstein,* 1:19-cr-00490-RMB
November 25, 2025
Page 7

re-victimization. That is what matters here—choice. These women were deprived of choice when their childhoods were stolen from them by heinous sexual abuse, when their early adulthood dreams of dancing or advancing their education or careers were shattered by rape, and for the women abroad, when their life-long desire to immigrate to safety in the United States as models became permanently tethered to sexual exploitation, the acceptance of which became their lifeline. These women now beg this Court and beg the United States Department of Justice to allow them to choose to remain protected. They ask that their names, and the names of all survivors, be redacted in any files that are provided to Congress or to the public by the Department of Justice. Those victims who wish to expose themselves can make that personal choice after the files have been released.

We hereby request that should this Court, or any other Court choose to unseal grand jury materials, the unsealing be done with redactions to protect all victims of Jeffrey Epstein, in consultation with undersigned counsel to ensure that the Department of Justice is in possession of the identities of all verified victims. Further, to the extent that this request is within the jurisdiction of this Court, undersigned requests that the Department of Justice be ordered to: (1) consult with undersigned to obtain a confidential list of over 300 victims of Jeffrey Epstein; (2) that the list containing the identities of victims be forever protected from public disclosure in compliance with the Crime Victims' Rights Act as codified by 18 USC § 3771; and (3) that this Court retain jurisdiction to impose sanctions on the Department of Justice if after this Court's Order, DOJ continues to disseminate the identities of victims unredacted.

Very truly yours,

EDWARDS HENDERSON, PLLC

Bradley Edwards
Brittany Henderson