# EXHIBIT A



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 1, 2025

**BY ECF**

The Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Jeffrey Epstein*,
             19 Cr. 490 (RMB)

Dear Judge Berman:

      The Government respectfully submits this letter in response to the Court's November 26, 2025, Order. Dkt. 87. As an initial matter, the Department responds to the claims by Mr. Edwards that the Department failed to protect victim-identifying information—a concern that has been, and continues to be, paramount to the Department in this matter. The Government then respectfully responds to the Court's questions below to the best of its ability at this early juncture in its review of potentially responsive materials pursuant to the directives of H.R. 4405, the Epstein Files Transparency Act (the "Act").

      Mr. Edwards notes a November 12, 2025 release of documents by Congress and cites to several instances of victims reaching out to him with (understandably) serious concern about being identified publicly. Mr. Edwards criticizes the efforts of Congress to protect their identities. Mr. Edwards then inaccurately contends that: "Of much greater concern is the redaction process, or complete lack thereof, being applied by the Department of Justice." Dkt. 87 at 4. The first time the Government learned that Mr. Edwards's clients had concerns about documents released by Congress was in Mr. Edwards's November 25, 2025 letter, which he simultaneously submitted to the Court. To this point, Mr. Edwards has not provided specifics of the documents at issue. As soon as the Government learned of the concern from these victims, it contacted Mr. Edwards, and we are scheduled to confer later today. The Government is committed to working in good faith with Mr. Edwards to collect more information and to protect victim identities and interests, but Mr. Edwards's sweeping characterization of the procedures applied by the Department to date is inaccurate. The Government will update the Court after further conferring with counsel.

      With regard to the Court's questions, the Government relies principally upon its submission to Judge Engelmayer, which is attached. *See United States v. Ghislaine Maxwell*, 20 Cr. 330 (PAE)

Hon. Richard M. Berman, U.S.D.J.
December 1, 2025
Page 2 of 2

Dkt. 813 (S.D.N.Y.) (Nov. 26, 2025). As noted in the Government's motion, Dkt. 85, the Act was passed by Congress and signed by the President on November 19, 2025. Pursuant to the Act, Congress has directed the Attorney General to make publicly available enumerated categories of information. Act § 2(a). Concomitantly, and relevant here, the Act further permitted the Attorney General to withhold or to redact certain categories of information, including records that "contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which constitute a clearly unwarranted invasion of personal privacy." *Id.* § 2(c)(1). As noted in its motion, the Government is seeking to comply with the requirements of the Act while also redacting or withholding victim information to the fullest extent permitted by the Act.

The Government remains available, as always, to answer any questions the Court may have.

Respectfully yours,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice

/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York