

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 30, 2026

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Jeffrey Epstein*,
              19 Cr. 490 (RMB)

              *United States v. Ghislaine Maxwell*,
              20 Cr. 330 (PAE)

Dear Judges Berman and Engelmayer:

      The Government respectfully submits this letter in response to Your Honors' December 10, 2025, Order in *United States v. Epstein*, 19 Cr. 490 (RMB), Dkt. 92, as well as the December 9, 2025 Order in *United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 820. The Government submits this letter jointly as it believes that the issues raised are overlapping between the two cases.

      Today, the Department, with specifically identified exceptions, intends to produce identified documents, files, records, videos and images held by the Department related to the investigations of Jeffrey Epstein and Ghislane Maxwell as required by Epstein Files Transparency Act, Pub. L. 119-38, 139 Stat. 656 (Nov. 19, 2025) (the "Act").  I submit this declaration in my capacity as the United States Attorney for the Southern District of New York and as directed by

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
January 30, 2026
Page 2 of 4

the Court, prior to the release of these materials. *See United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 820.[1]

Over the course of the Government's efforts to identify and produce materials required by the Act, while at the same time agreeing with the Court that protecting victim-identifying information should be paramount, the Government has untaken a rigorous, victim-oriented approach to the identification, review, and publication of materials as required by the Act. More than 500 attorneys and reviewers from the Department contributed to this effort, with the objective of identifying and producing all responsive material while redacting any information that could be expected to identify victims. Over 200 lawyers and other personnel from the U.S. Attorney's Office for the Southern District of New York (the "SDNY") participated in this effort.

During this process, through public filings, the SDNY endeavored to keep the Court apprised of the Department's progress and, in particular, its protocol for identifying and reviewing potentially responsive materials, including its efforts to identify and protect victim-identifying information prior to publication. These public filings included the following letters to the Court (collectively, the "SDNY Updating Letters"):

- November 24, 2025, motion for expedited relief pursuant to the Act. *United States v. Maxwell*, Dkt. 810 (attached as Exhibit A);

- November 26, 2025, letter response from the Department, *id.* Dkt. 813 (attached as Exhibit B);

- December 8, 2025, letter response from the Department, *id.* Dkt. 819 (attached as Exhibit C);

- December 19, 2025, letter from USA Clayton to the Court regarding certification and review process, *id.* Dkt. 823 (attached as Exhibit D);

- January 5, 2026, update letter from the Department to the Court regarding review and publication procedures, *id.* Dkt. 826 (attached as Exhibit E);

- January 15, 2026, update letter from the Department to the Court regarding review and publication procedures, *id.* Dkt. 839 (attached as Exhibit F); and

- January 27, 2026, update letter from the Department to the Court regarding review and publication procedures, *id.* Dkt. 845 (attached as Exhibit G).

---

[1] With regard to the Honorable Richard M. Berman, the Government has not included references to parallel filings in Your Honor's case. *United States v. Epstein*, 19 Cr. 490 (RMB). Of course, if the Court would find that useful, the Government is prepared to, and will, do so.

Case 1:19-cr-00490-RMB   Document 98   Filed 01/30/26   Page 3 of 4

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
January 30, 2026
Page 3 of 4

Collectively, the SDNY Updating Letters and the Department's forthcoming EFTA Production Letter to Congress provide a detailed description of the efforts undertaken by the Government to comply with the Act and Judge Engelmayer's Order requiring a certification by the U.S. Attorney for the SDNY, including the inherent challenges, limitations, and tensions in conducting a production of this type. The Government highlights the following aspects of its efforts, which are described in more detail in its prior submissions to the Court and the forthcoming EFTA Production Letter:

- As noted in its January 15, 2026 letter to the Court, the SDNY continues to engage with counsel for victims and, in many instances, with victims themselves. *See United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 839. SDNY remains engaged in those discussions and is available at any point to continue those discussions (including a call as recently as yesterday). The processes adopted for the Department's review under the Act were informed by discussions with victim counsel and continued to evolve as the review progressed and discussions with counsel continued.

- SDNY's involvement in this review has been focused principally on the interests of the victims. SDNY AUSAs reviewed categories of materials that were identified as most likely to contain sensitive victim information and based on search terms for victim identifiers. SDNY received support in its review from attorneys from other components of the Department and also conducted various second-level review checks and quality control searches, all aimed at best ensuring protection for victim identifying information.

- While SDNY—and the Department more broadly—have undertaken substantial efforts to protect victim identifying information, the Department has made available an email account that victims and counsel can contact to the extent a victim or their counsel believe information was published that should be redacted. The Department has also committed to working with House and Senate leadership to make available to members of Congress unredacted materials subject to appropriate confidentiality undertakings.

- As noted above and in the Government's prior filings, the Department's efforts to comply with the Act spanned multiple jurisdictions and multiple investigations over several decades with hundreds of victims. The Department has endeavored to the maximum extent practicable to identify all potentially responsive documents and redact all victim identifying information, and continues to be committed to fulfilling its obligations under the Act—including by releasing additional documents that are currently being withheld on a temporary basis as the Government awaits further guidance from relevant courts in civil and criminal matters.

Each of Your Honors rightly have held that protecting victim information is not only important, but a necessity, and the Government submits this letter not only pursuant to Judge Engelmayer's Order requiring a certification from the U.S. Attorney for the SDNY, but also in the broader spirit of protecting victims' privacy. *See United States v. Maxwell,* 20 Cr. 330 (PAE),

Case 1:19-cr-00490-RMB   Document 98   Filed 01/30/26   Page 4 of 4

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
January 30, 2026
Page 4 of 4

Dkt. 820. The Government appreciates the Court's continued engagement and guidance on this matter and remains available, as always, to answer any questions the Court may have.

### *Certification*

Based on the processes detailed above, as well as the SDNY Updating Letters and the Department's anticipated EFTA Production letter, and noting the limitations inherent in productions of this type, the Department and the SDNY have designed and undertaken a rigorous process to maximize protections to victim-privacy considerations in light of the requirements of the Act. Pursuant to the Court's Order, a sworn declaration is below.

Respectfully yours,

/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York

SWORN DECLARATION:

Consistent with the above-described processes and procedures, I hereby confirm, to the best of my knowledge, that Grand Jury Materials from *United States v. Maxwell*, which are publicly designated with a Bates stamp (with the prefix GM_GJ_SDNY"), and Discovery Materials Produced under the Protective Order in the *Maxwell* Case, which contain the original SDNY bates stamp (with the prefix of "SDNY_GM_"), have been rigorously reviewed for compliance with Section 2(c)(l)(A) of the Epstein Files Transparency Act, and through that review none of these records have been identified to contain personally identifiable information of victims or victims' personal and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

BY: _____
JAY CLAYTON
United States Attorney
Southern District of New York