

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 2, 2026

**BY ECF**

Honorable Richard M. Berman
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    *United States v. Jeffrey Epstein*,
               19 Cr. 490 (RMB)

              *United States v. Ghislaine Maxwell*,
               20 Cr. 330 (PAE)

Dear Judges Berman and Engelmayer:

      The Department respectfully submits this letter to provide an update to the Court and counsel regarding its ongoing efforts to protect victim privacy. *See United States v. Epstein*, 19 Cr. 490 (RMB), Dkt. 99; *United States v. Maxwell*, 20 Cr. 330 (PAE), Dkt. 847. In particular, the Department has further expedited its processes for receiving and responding to victim outreach concerning documents, as well as removing documents that inadvertently were produced and contain victim-identifying information. In addition, the Government writes to respond to, and provide additional context for, representations made by counsel in its letter motion, dated February 1, 2026. As of the writing of this letter, all documents requested by victims or counsel to be removed by yesterday evening have been removed for further redaction, and the Department is continuing to process any new requests and to run its own searches to identify any other documents that may require further redaction. The Department submits this letter jointly to Your Honors as it believes that the issues raised are overlapping between the two cases.

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
February 2, 2026
Page 2 of 4

      In our letter of Friday, January 30, 2026, we alerted the Court that the Department would, with specifically identified exceptions, produce identified documents, files, records, videos and images held by the Department related to the various investigations of Jeffrey Epstein and Ghislane Maxwell as required by Epstein Files Transparency Act, Pub. L. 119-38, 139 Stat. 656 (Nov. 19, 2025) (the "Act"). As indicated, and throughout the course of Friday, the Department uploaded more than 3 million pages to the public website. Since those files were uploaded, the Department has continued to engage with victims and counsel for victims regarding concerns they may have regarding any of the documents posted.

      The Department recognizes that the importance of implementing an extensive process to manually review and redact documents to best protect victim identifying information necessitates a supplemental process to address any concerns raised by victims following the posting of documents. Since the release of documents on Friday, victims and counsel have requested further redaction of particular documents, alerted the Department to new victim identifiers and name variants of victims, and requested changes to the process for review and redaction of posted documents flagged for additional review. Based on such communications and experience with the relevant document management systems over the weekend, the Department has iteratively revised its protocols for addressing flagged documents.

      The Department has teams of personnel committed to monitoring requests by victims and counsel to add additional redactions to posted documents. As a victim concern is raised to the Department, the document or documents in question promptly will be pulled down from the Epstein Library website while the Department evaluates the claim or concern raised by the victim and whether redactions or other measures are appropriate. Once that process is complete, the Department promptly will re-post a redacted version of the document—ideally within 24 to 36 hours—using the same Bates number the document previously bore to ensure consistency and continuity in the files posted on Friday.

      In that vein, the Department has received numerous inquiries and requests for additional redactions, and continues to encourage victims and their counsel to identify any documents that they view as concerning to their privacy, reputation or personal safety. In addition, the Department is running searches against the Epstein Library database, based on communication with counsel, victims, and third parties to identify documents that refer to identifiers for victims previously not known to the Department, name variations that counsel has identified, as well as PII that inadvertently may have been published despite the Department's extensive review. The Department notes, however, that it is not relying solely upon counsel and the victims to identify specific documents—although it does prioritize such identified documents where appropriate. The Department through the weekend has had a team running supplemental searches to identify missed redactions when a victim or counsel raises a concern that a victim is appearing in the public database and is now additionally running searches to identify potentially missed redactions even where counsel or a victim has not contacted the Department.

      The first 24 hours of engagement on these issues, as well as the Department's own internal review of its processes, following the release of documents on Friday led to significant enhancements to and streamlining of the Department's processes for addressing victim concerns.

The Department continuously is evaluating its processes and making further enhancements as necessary or appropriate based on continued engagement with victim counsel so that the Department can best address victim concerns while also complying with the Requirements of the Act.[1]

The Department has worked all hours through the weekend from the point when the first victim-related concerns were raised. To that end, out of the larger production described above, the Department now has taken down several thousands of documents and media that may have inadvertently included victim-identifying information due to various factors, including technical or human error. As of the date of this letter, the Department now has taken down nearly all of those materials specifically identified by victims or their counsel, as well a substantial number of documents identified independently by the Department. The Department is reviewing those documents and will re-process them. As part of this procedure, for reasons related to the operation of the document management system, the Department must periodically "re-index" the data contained on the Epstein Library website to ensure that, although a document has been reviewed and redacted for reposting, the underlying metadata that permits the search functionality of the database also is cleansed of the relevant information related to the document. This process and the additional searches are substantially complete but remain ongoing.

---

[1] To be sure, the Department's commitment to protecting victims is being approached consistent with the Department's commitment to transparency. In this regard, the Department has committed to work with House and Senate leadership to allow members of Congress to inspect unredacted versions of the produced materials to demonstrate that the redactions have been imposed consistent with the requirements of the Act, including the protections of victim-identifying information set for at Section 2(c)(1)(A).

Hons. Richard M. Berman and Paul A. Engelmayer, U.S.D.J.
February 2, 2026
Page 4 of 4

      The undersigned will continue to keep the Court apprised of relevant developments and remains available, as always, to answer any questions the Court may have.

      Respectfully yours,

PAMELA J. BONDI
United States Attorney General

TODD BLANCHE
Deputy United States Attorney General
United States Department of Justice


/s/ Jay Clayton
JAY CLAYTON
United States Attorney
Southern District of New York